**STATE**

v.

**Kim Chheang NHEK.**

No. 94–759–CA.

Supreme Court of Rhode Island.

Jan. 14, 1997.

Jane McSoley, Special Asst. Attorney General, Aaron Weisman, Asst. Attorney General, for Plaintiff.

Catherine Gibran, Asst. Public Defender/Paula Rosin, Asst. Public Defender, Richard Casparian, Public Defender, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, AND FLANDERS, JJ.

## OPINION

FLANDERS, Justice.

This case arises out of a shooting spree in a Providence city park during the early summer of 1990. Convicted by a jury of first-degree murder (one count) and of assault with intent to murder (three counts), the defendant, Kim Chheang Nhek (Nhek), claims on appeal that the trial justice erred in admitting certain evidence identifying him as the shooter and in giving the assault-with-intent-to-murder charge to the jury. Because our review of the record does not reveal any basis for reversing the trial justice's rulings, we affirm Nhek's judgment of conviction.

On the evening of July 18, 1990, at about 6:30 p.m., two pistol-packing park goers began firing away at several people who had been watching a spirited game of volleyball in Conlon Memorial Park. The police reached the crime scene after the gunmen had already absconded. Four spectators had been shot—one of them fatally. Two of the surviving onlookers described one of the assailants as a person known as the Joker. The police followed leads and eventually collared Nhek.

On appeal Nhek challenges the in-court identifications made by two eyewitnesses, Thu Mai (Mai) and Bun Ly Tin (Tin), contending that neither person actually saw him shoot anyone. *See* R.I. R. Evid. 602 ("[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding" of personal knowledge). The controlling legal standard to determine whether an eyewitness is competent to testify is straightforward. A Rule 602 personal-

knowledge determination is a judgment call for the trial court that is best made with the aid of firsthand observation of the witness. *See, e.g., State v. Ranieri*, 586 A.2d 1094, 1098 (R.I.1991) (noting that in evaluating competency for purposes of Rule 602, the court "is not making a credibility determination and is not judging whether the witness is accurately and truthfully relating that which he perceived"). The witness's knowledge need not be positive or rise to the level of absolute certitude. *Id.* Evidence should be excluded under this rule *only* if the court finds that the witness could not actually have perceived the subject matter of his or her testimony. *Id.* And even if the competency question is a close call, the court should admit the testimony because the matter then becomes one of credibility and is therefore suitable for the jury. *Id.*

■ Moving from the general to the specific, we note that Mai told the court at a hearing outside the jury's presence that she observed the Conlon Memorial Park shooter fire several shots in Tin's direction. Not only did she identify this person as Nhek but she also said she watched him under decent lighting conditions, at a relatively close distance, and with an unobstructed view. She added that she had seen the shooter once before hanging out in a park in Massachusetts. She also remembered someone referring to him as the Joker.

■ Tin testified that he got a good look at the assailant after he had the misfortune of running into him during the shooting melee in the park. Tin beat a hasty retreat, but the gunman gave chase. Although Tin barely escaped with his life, he lived to tell the police that the night before he had seen the shooter in the same park wearing a jersey with the name Joker on the back. Like Mai, Tin identified Nhek as the shooter while Nhek sat at the defense table in the courtroom.

Having scrutinized the record, we are persuaded that the trial justice's decision to admit Mai's and Tin's testimony was well within the bounds of his discretion. Most of the objections raised by Nhek go to the credibility of the witnesses and hence to the weight of this evidence rather than to its admissibility. Accordingly the court's decision to admit this evidence does not constitute reversible error.

■ Nhek's charge-to-the-jury issue also lands wide of the mark. Nhek insists that the court's instruction did not impart the proper mental state required to convict a defendant of assault with intent to murder. We disagree. Viewing the charge as a whole, as we must, *see, e.g., State v. La-Roche*, 683 A.2d 989, 997 (R.I.1996), we note that the trial justice told the jury the state had to prove that Nhek had intended to commit murder. He added that this intention could be inferred from conduct amounting to a wanton and reckless disregard for the safety of others. Our case law offers a ringing endorsement for this aspect of the court's charge. *See, e.g., State v. Iovino*, 524 A.2d 556, 558 (R.I.1987) (noting that "wanton recklessness" can provide the intent element "necessary to the charge of assault with intent to murder"); *State v. Charette*, 434 A.2d 280, 283 (R.I.1981) (emphasizing that an "'unjustified disregard for the possibility of death or great bodily harm and an extreme indifference to the sanctity of human life' * * * supports a finding of intent to murder") (quoting *State v. McGranahan*, 415 A.2d 1298, 1302 (R.I.1980)). We see no reason to overrule these decisions or to blunt their application to the facts here.

In sum, descrying no reversible error, we deny and dismiss Nhek's appeal, affirm his judgment of conviction, and remand the papers in this case to the Superior Court.