DECISION RE: DEPOSITION TESTIMONY OF CECIL E. DODSON
Before this Court is a motion in limine, filed by Ford Motor Company ("Ford"), by which Ford seeks an order excluding from trial in the underlying products liability action certain portions of the deposition testimony of the late Cecil Dodson. Plaintiff, Carol Dodson ("Plaintiff"), in her capacity as executrix of the estates of the late Cecil and Doris Dodson ("the Dodsons"), objects to the motion and has filed a memorandum in support of her objection.
 FACTS AND TRAVEL
In the underlying products liability action, Plaintiff seeks damages from Ford, alleging, inter alia, that the Dodsons' 1982 Ford Crown Victoria was defectively designed and manufactured. (Pl.'s Fourth Am. Compl. 3-4.) Plaintiff alleges that Ford's defective design and manufacture of the vehicle caused the vehicle to catch fire, which, in turn, caused the Dodsons' house to catch fire. Plaintiff alleges that, as a result of the fire, Cecil Dodson ("Mr. Dodson") sustained serious injury and Doris Dodson ("Mrs. Dodson") died. (Id. at 4.)
Mr. Dodson, the only eye-witness to the fire, was twice deposed in the instant case. He was first deposed on October 22, 1996. He was deposed, again, six months later, on April 18, 1997. Mr. Dodson has, since, passed away. Anticipating that Plaintiff will use Mr. Dodson's deposition testimony at trial "to establish that the ignition switch area was on fire or that the fire progressed from [sic] ignition switch area to the entire dashboard of the vehicle," Ford seeks to exclude those portions of Mr. Dodson's testimony in which Mr. Dodson states that "the fire was coming from the ignition switch area and that the fire progressed from the ignition switch area to the entire dashboard." (Ford's Mot. In Limine to Exclude the Test. of Cecil Dodson that the Ignition Switch Was on Fire 2, 12 [hereinafter Ford's Mot.].)
 ANALYSIS
In its motion, Ford lists four reasons for the exclusion of those portions of Mr. Dodson's testimony in which Mr. Dodson states that "the fire was coming from the ignition switch area and that the fire progressed from the ignition switch area to the entire dashboard." (Id. at 12.) Ford argues, first, that these portions of Mr. Dodson's testimony cannot have been based on personal knowledge, as required by R.I.R. Evid. 602 ("Rule 602"), because the ignition switch in a 1982 Ford Crown Victoria is located inside the steering column and is not visible on the outside of the steering column. Second, Ford argues that because the ignition switch in a 1982 Ford Crown Victoria is located inside the steering column and is not visible on the outside of the steering column, these portions of Mr. Dodson's testimony cannot have been rationally based on Mr. Dodson's perception and, therefore, are inadmissible lay opinion under R.I.R. Evid. 701 ("Rule 701"). Third, Ford argues that these portions of Mr. Dodson's testimony are inadmissible expert opinion under R.I.R. Evid. 702 ("Rule 702") because Mr. Dodson was not qualified by education, training, or experience to testify that the ignition switch was on fire. Finally, Ford argues that the probative value of these portions of Mr. Dodson's testimony is outweighed by the danger of unfair prejudice to Ford, confusion of the issues, and the threat of misleading the jury.
 I.R.I.R. Evid. 602
Rule 602 provides, in relevant part, that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." The Rhode Island Supreme Court has held that "a witness's [sic] testimony is inadmissible under Rule 602 only if the trial justice finds that the witness could not have actually perceived or observed that to which he or she purports to testify." Statev. Grant, 840 A.2d 541, 546 (R.I. 2004) (quoting State v.Addison, 748 A.2d 814, 821 (R.I. 2000)). Attached to Ford's motion is the sworn affidavit of Ralph Newell ("Newell"), Ford's fire investigator, in which Newell states that "the ignition switch is inside the steering column and is not visible to an occupant of a 1982 Crown Victoria." (Newell Aff. ¶ 25.) Based on this statement, Ford argues that the portions of Mr. Dodson's testimony in which Mr. Dodson states that "the fire was coming from the ignition switch area and that the fire progressed from the ignition switch area to the entire dashboard" are inadmissible because he could not have actually perceived or observed that to which he purports to testify. (Ford's Mot. 2.) This Court, however, disagrees.
Whether Mr. Dodson may testify that "the fire was coming from the ignition switch area and that the fire progressed from the ignition switch area to the entire dashboard" depends not on Mr. Dodson's ability to perceive or observe the ignition switch, itself, but, rather, on his ability to perceive or observe the ignition switch area. According to Newell, the ignition switch in a 1982 Ford Crown Victoria is located inside the steering column; according to Mr. Dodson's deposition testimony, he was able to see the steering column when he stood beside the burning vehicle and peered through the window. (See Cecil Dodson Dep. 39:11-39:21, 93:1-93:9, Apr. 18, 1997 ("Q: Where were the flames coming from? A: The flames, as I said before, initially started in the steering column near the switch." "Q: Sir, when you approached the car in the garage for those few seconds . . . you were standing by the driver's side of the car? A: Driver's side door, the window was down. Q: And you were several feet from the car? A: I was right up near the door and window. I could see very well.").) Therefore, because evidence to prove personal knowledge may consist of the testimony of the witness himself, this Court finds that Mr. Dodson could have perceived or observed the ignition switch area. See R.I.R. Evid. 602.
Whether Mr. Dodson did perceive or observe that "the fire was coming from the ignition switch area and that the fire progressed from the ignition switch area to the entire dashboard" is irrelevant with respect to Rule 602. As the Rhode Island Supreme Court held in Grant, "Rule 602 is concerned with determining whether the witness had the opportunity to acquire the personal knowledge he or she is testifying to, not whether the witness's [sic] testimony is credible or accurate." 840 A.2d at 548 (citingState v. Nhek, 687 A.2d 81, 83 (R.I. 1997); State v. Ranieri,586 A.2d 1094, 1098 (R.I. 1991)). In deciding whether testimony is admissible under Rule 602, "[t]he [trial] justice is not making a credibility determination and is not judging whether the witness is accurately and truthfully relating that which he perceived." Ranieri, 586 A.2d at 1098. Issues of credibility are issues of fact to be resolved by the jury. Grant,840 A.2d at 548. In the event that Plaintiff does seek to use Mr. Dodson's deposition testimony at trial "to establish that the ignition switch area was on fire or that the fire progressed from [sic] ignition switch area to the entire dashboard of the vehicle," Ford may rebut Mr. Dodson's testimony. See Super. R. Civ. P. 32(c). This Court finds, however, that Mr. Dodson's deposition testimony to the effect that "the fire was coming from the ignition switch area and that the fire progressed from the ignition switch area to the entire dashboard" is not inadmissible under Rule 602.
 II. R.I.R. Evid. 403
The portions of Mr. Dodson's testimony to the effect that "the fire was coming from the ignition switch area and that the fire progressed from the ignition switch area to the entire dashboard" are factual statements of his observations, not inferences based on his observations. This Court, therefore, need not address Ford's argument that these portions of Mr. Dodson's testimony are inadmissible lay opinion under Rule 701.[1] Furthermore, Plaintiff concedes that Mr. Dodson "is not an expert in the subject of the starting location, causation or progression of the fire in an automobile" and that he "is not qualified to offer expert opinions in this area." (Pl.'s Objection and Mem. to Def.'s Mot. to Exclude the Test. of Cecil Dodson that the Ignition Switch Was on Fire 8-9.) In her motion, however, Plaintiff states that "[t]here is no evidence in any of the depositions or pleadings that plaintiff is aware of that ever suggested that Mr. Dodson's testimony concerning his observations of the fire in his 1982 Ford Crown Victoria was being offered as testimony of an expert." (Id.) Since Plaintiff admits that the disputed portions of Mr. Dodson's testimony are inadmissible under Rule 702, this Court need not address Ford's third argument to that effect. Ford's remaining argument, that the probative value of these portions of Mr. Dodson's testimony is outweighed by the danger of unfair prejudice to Ford, confusion of the issues, and the threat of misleading the jury warrants further discussion, however.
Rule 403 of the Rhode Island Rules of Evidence ("Rule 403") provides, in pertinent part, that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." In support of its argument that the probative value of the disputed portions of Mr. Dodson's testimony is outweighed by the danger of unfair prejudice, Ford first argues that these portions of Mr. Dodson's testimony have no actual probative value. Ford, however, bases its argument that these portions of Mr. Dodson's testimony have no probative value on the same arguments Ford made for the exclusion of these portions of Mr. Dodson's testimony under Rules 602, 701, and 702. Having already dismissed these arguments, this Court finds Ford's argument that the disputed portions of Mr. Dodson's testimony have no probative value unpersuasive.
The Rhode Island Supreme Court has held that "[t]he determination of the value of evidence should normally be placed in the control of the party who offers it." Boscia v. Sharples,860 A.2d 674, 678 (R.I. 2004) (quoting Wells v. Uvex WinterOptical, Inc., 635 A.2d 1188, 1193 (R.I. 1994)). Moreover, "unless evidence is of limited or marginal relevance and enormously prejudicial, the trial justice should not act to exclude it." Id. Rule 401 of the Rhode Island Rules of Evidence ("Rule 401") provides that "`[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In her objection, Plaintiff asserts that Mr. Dodson's testimony "places the fire in the 1982 Ford Crown Victoria in the area of the ignition switch which is consistent with plaintiff's view of the origin of the fire in the vehicle" and that "[t]he testimony is also necessary to establish when, where and how the fire engulfed the Dodson vehicle." In light of the fact that Mr. Dodson was the only eye-witness to the fire, this Court is satisfied that the disputed portions of Mr. Dodson's testimony are highly probative and are admissible, provided that they are not "enormously prejudicial." See Boscia, 860 A.2d at 678; R.I.R. Evid. 402.
With regard to prejudice, Ford argues only that because Mr. Dodson was the only eye-witness to the fire, the jury is likely to give more weight to his testimony, and the jury "may be mislead to associate the area around the ignition key hole on the side of the steering column [located on the steering column] with the ignition switch located inside the steering column." This Court, in fact, is certain that the jury will understand Mr. Dodson's testimony regarding the "ignition switch area" to be referring to the area around what Ford has described as the "ignition key hole" because Mr. Dodson's questioners failed to adequately make a distinction between the two.
The term "ignition key hole" never appears in Mr. Dodson's deposition testimony. The term "ignition" and the phrase "location where you put the key into the ignition" do, however, appear. (See Cecil Dodson Dep. 109:13-110:3, Oct. 22, 1996.) Ford argues, essentially, that the "ignition" and "location where you put the key into the ignition" are different from the ignition switch. Technically, this may be true. However, this Court notes that the term "ignition" is defined as "[a]n electrical system, typically powered by a battery or magneto, that provides the spark to ignite the fuel mixture in an internal-combustion engine" or "[a] switch that activates this system." American Heritage Dictionary of the English Language
872 (4th ed. 2000). According to this definition, the "location where you put the key into the ignition" is the "ignition switch area." This Court finds that Mr. Dodson's questioners had the opportunity during Mr. Dodson's testimony to establish that what Mr. Dodson referred to as the "ignition switch" is, technically, not the "ignition switch," and to correct his use of terms.[2] Mr. Dodson's questioners failed to do so. The prejudice to Ford, such as it may be, could easily have been eliminated during Mr. Dodson's deposition and was not. This Court will not punish Plaintiff for Ford's lack of specificity. Accordingly, this Court will not now exclude the effected portions of Mr. Dodson's testimony as being unduly prejudicial. At trial, Ford may rebut Mr. Dodson's testimony and may enter as much of Mr. Dodson's deposition testimony as is necessary to show that Mr. Dodson, a lay witness, employs the term "ignition switch" according to a common, not technical, definition. The disputed portions of Mr. Dodson's deposition testimony are not inadmissible under Rule 403. Ford's motion to exclude those portions of Mr. Dodson's testimony in which Mr. Dodson states that "the fire was coming from the ignition switch area and that the fire progressed from the ignition switch area to the entire dashboard" is, therefore, denied.
[1] Rule 701, entitled "Opinion Testimony by Lay Witnesses," provides that
 "[i]f the witness is not testifying as an expert, his testimony in the form of opinions is limited to those opinions which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."
[2] During Mr. Dodson's April 18, 1997 deposition, Ford's counsel, Brian Voke ("Mr. Voke"), asked Mr. Dodson, "How could you see the ignition switch from that angle?" (Cecil Dodson Dep. 109:13-110:3, Oct. 22, 1996.) Before Mr. Dodson could respond, Mr. Voke struck the question and, instead, asked Mr. Dodson, "How could you see the ignition from that angle where you put the key in?" (Id.) Mr. Voke's rephrasing of the question may have been an attempt at distinguishing the "location where you put the key into the ignition" from the "ignition switch," but Mr. Voke made no effort to explain the distinction to Mr. Dodson, and it is conceivable, if not likely, that such a subtle change in verbiage would have gone unnoticed by a lay witness.